**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Moorehead,<br><br>    Plaintiff,<br><br>v.<br><br>Pima County Sheriff's Department,<br><br>    Defendant. | No. CV-19-00477-TUC-DCB<br><br>**ORDER** |

On October 1, 2019, Plaintiff lodged an affidavit of inability to pay costs or give security for the commencement of this action and filed a Complaint, pro se. It appears that he meets the in forma pauperis requirements of 28 U.S.C. §1915.

Plaintiff sues the Pima County Sheriffs Department. He alleges: "I went to the Pima County Consolidated Justice Court and my food purchased with SNAP money was taken away without my consent."[1] (Complaint (Doc. 1) at 4.) He asserts federal question jurisdiction based on: "Federal funding of Food Stamps Program in Arizona." *Id.* at 3.

Federal courts are courts of limited jurisdiction and may only adjudicate those cases over which they have subject matter jurisdiction: basically, those cases involving diversity of citizenship or a federal question. *Kikkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994). Where there is neither diversity nor a constitutional violation of an individual's rights, this Court has no jurisdiction over the action.

---

[1] Plaintiff's handwriting is extremely hard to read and nearly resulted in dismissal of the action because the Court could not read it and, therefore, could not determine whether or not he stated allegations to support a federal cause of action.

Section 1915(e) provides for dismissal of a Complaint filed in forma pauperis if the Court is convinced that the action is frivolous. Frivolousness exists if the plaintiff would not be entitled to relief under any arguable construction of law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Factual frivolousness includes allegations that are "clearly baseless," "fanciful," "fantastic," or "delusional." *Id.* at 327-28. Unlike Rule 12(b)(6), § 1915 "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 327).

Alternatively, legal frivolousness justifies dismissal under § 1915(e) where a complaint is based on "an indisputably meritless legal theory...[such as] claims against which it is clear that the defendants are immune from suit, and claims of infringement of a legal interest which clearly does not exist...." *Neitzke*, 490 U.S. at 327.

Here, Plaintiff fails to allege any facts that would bring this action within the jurisdiction of the federal court. Plaintiff's Complaint fails to allege any facts to suggest a constitutional violation or violation of federal law occurred. The Complaint is so factually deficient that the Court finds there is no basis in fact or law to support a federal claim. Specifically, the Court is unable to even guess at what transpired, and it is impossible to attribute any specific acts to any specific Defendant. The Court can only guess, given he sues the Pima County Sheriffs Department, that he is not complaining about a denial of benefits but is complaining about some sort of seizure by a Pima County Sheriff of food he purchased using food stamps. His allegations do not support a section 1983 claim against a municipality because he does not allege that the "execution of a government's policy or custom ... inflict[ed] the injury." *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978) (municipality not liable for under *respondeat superior* theory for acts of its employees).

In drafting the Amended Complaint, the Plaintiff must include sufficient factual details so that this Court can determine each claim existing against each Defendant. The Plaintiff must refer by name to a particular Defendant, whenever possible, in the body of the Amended Complaint, so that it is possible to determine which Defendant is being charged with responsibility for each particular grievance. *Jackson v. Nelson*, 405 F.2d 872, 873 (9th Cir. 1968).

Plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). At the pleading stage, the Plaintiff must allege enough facts, if taken as true, to suggest that a claim exists. This does not impose a probability requirement at the pleading stage, it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence to support the claim. *Id.* at 555-556. "[F]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Id*.

**Accordingly,**

I**T IS ORDERED** that the Motion to Proceed in Forma Pauperis, without prepayment of fees and costs or security therefor (Doc. 2) is GRANTED, and that the Complaint be filed.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint, with a filing date of the day the Clerk of the Court received the petition. *Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989).

**IT IS FURTHER ORDERED** dismissing the Complaint, *sua sponte*.

**IT IS FURTHER ORDERED** that Plaintiff has leave to file an Amended Complaint by October 30, 2019.

**IT IS FURTHER ORDERED** that THE AMENDED COMPLAINT MUST BE CLEARLY DESIGNATED AS "AMENDED COMPLAINT" ON THE FACE OF THE DOCUMENT. The Amended Complaint must state specific allegations against proper

Defendant(s), named as Defendant(s); and identify who participated in which activities alleged in the Complaint; and state what injury, if any, Plaintiff suffered as a result of the activities of each Defendant. THE AMENDED COMPLAINT MUST BE RETYPED OR REWRITTEN IN ITS ENTIRETY AND MAY NOT INCORPORATE ANY PART OF THE ORIGINAL COMPLAINT BY REFERENCE. Local Rule 7.1(c).

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to DISMISS all claims and to close this case, without further notice to Plaintiff, if Plaintiff fails to file the Amended Complaint by October 30, 2019.

Dated this 3rd day of October, 2019.

_____
Honorable David C. Bury
United States District Judge